**O. L. WILLIAMS et ux., Appellants,**

**v.**

**J. W. SHANNON et al., Appellees.**

**No. 4031.**

Court of Civil Appeals of Texas.

Waco.

Dec. 6, 1962.

Rehearing Denied Jan. 10, 1963.

W. T. Bennett, Huntsville, for appellants.

Clyde B. Kennelly, Richmond, David B. Cofer, Jr., Bryan, Pollan & Nicholson, Elbert Pollan, Rosenberg, for appellees.

WILSON, Justice.

Williams sued Shannon seeking reformation of a deed partitioning their jointly owned land, alleging that by mutual mistake a tract of 99 acres was included in the share of Shannon by the terms of the instrument, contrary to their actual agreement. Williams also sought cancellation of a subsequent deed from Shannon conveying land in dispute to Kennelly on the ground he was not an innocent purchaser. Shannon and Kennelly filed a cross-action in trespass to try title. The court filed findings and conclusions upon which judgment was rendered against Williams, and for cross-plaintiffs. The substance of appellants' basic complaint is that the judgment and findings are contrary to the overwhelming preponderance of the evidence and there is no credible evidence to support them.

Material findings are summarized: In 1950 Williams and Shannon purchased 1253 acres described in four tracts. In 1952 they executed a partition deed by which approximately equal acreage was set aside to each. By provisions of this instrument Shannon was to erect a fence on his northern boundary, Williams was granted an easement over Shannon's lands, each party was to pay one-half of the outstanding debt, and Shannon was to pay Williams $1000 "to balance the equities." After execution of the partition deed both parties applied for and obtained from a lending agency a division of their vendor's lien debt, and a release of lien against Shannon's land. The description of the latter's property in these documents included the tract in dispute as partitioned to Shannon.

The court also found that before the partition deed was executed Shannon constructed a cross-fence on the northern boundary of an intervening tract which he had leased, in order to separate the cattle of Williams and Shannon; that this fence was not built pursuant to partition; that it was not the same division fence provided for in the deed; and that both Williams and Shannon knew the location on the ground of the north line of this intervening tract. (Williams contended this was the division fence agreed upon, and that it was orally agreed to be his southern boundary. His position was that the intervening tract leased by Shannon was to separate the land he was to take, north of that tract, from the acreage Shannon was to take south of it). After this fence was built the parties separated their cattle—Williams' to the north of the fence, and Shannon's to the south.

The court found that in the negotiations leading to the partition the parties were uncertain as to the location of the tract in controversy as related to the north line of the intervening tract leased by Shannon, but that it was their intention that Shannon should take the tract in question; and the deed partitioned the land as agreed.

There is competent evidence of probative force to support the findings. The testimony of the witnesses contains numerous inconsistencies, due, doubtless, to the decade elapsing from inception of the transaction to time of trial; and the court was required to weigh, and seek to reconcile it. We are unable to say from the whole record his determination was contrary to the overwhelming preponderance of the evidence; and we conclude the material findings are supported.

Most of appellants' additional points thereby became immaterial. We have considered all and they are overruled. Affirmed.